**29**

Pole No.                                    STREETS.  ~~1~~

62138                                       WOODCARD / CHURCHILL
62137 (N/P)                                 ↳
62136
62135
62149

No. Number
62201

62199
62307
62200
NO Number
62410
62409
62408 (N/P)
62407
62397
62396
62395 . ──→        ONTO CLINTON (WESTBOUND
61032
61031
61030
61029
61028
61020

PREF.T   PAGE L

RIDGE

6 1 8 8 7
6 1 8 8 8
6 1 8 8 9
6 2 0 5 4
6 2 1 0 9
6 2 1 1 0
6 2 1 1 1
6 2 1 1 2
6 2 1 6 6
6 2 1 6 7
6 2 1 6 8
6 2 1 6 9
6 2 1 7 0
6 2 4 1 2
6 2 4 1 3
6 2 4 1 4
6 2 5 0 2
6 2 5 0 3
6 2 5 0 4
6 2 7 6 0
6 2 7 5 9
6 2 6 0 3
6 2 6 0 2
6 2 5 0 8
6 2 5 9 7

POLE   No.

STREET

62685

62973

N/N

62682

62681

62.680

62679

60325

60324

60323

60322

60321  (N/P)

60320

60319

60318

60317

60316

60315

60314

60313

60312

60311

60310

60309

60308

STATION, LEADING TO HUDSON

Hudson St.

PAGE 3

60307
60306
60437
60436
60435
60434
N/N
60304
60425
60303
60302
60301
60426
N/N
N/N
N/N
60719
60631
N/N
60493
61262
61263
61264
61265

MADISON

| VOLE | No | YALES | STREET |
|------|-----|-------|--------|
| - | 61266 | | |
| | 61267 | | |
| | 61268 | | |
| | 60289 | | |
| | 61609 | | |
| | 61598 | | |
| | 61599 | | |
| | 629-6 | | |
| ₩₩ | 61600 | | |
| | 61601 | | |
| | 61602 | | |
| - | 61603 | | |
| | 61604 | | |
| | 62676 | ( PIERMONT) | |
| | 60014 | | |
| | 62391 | | |
| | 62390 | | |
| | 62389 | | |
| | 62388 | | |
| | 61597 | | |
| | N/V | | |
| - | PS 877 | | |
| | PS 189 | | |
| | N/V | | |

Pole No.      Page 6

62064
62656
62647
62347
61471
61472    (Grove Str)
61473
61474
N/P 61475
61476
N/P
61319
61318 (N/P)
61317
61316
61521
61520
61477
61315
61314
61313
61312 (N/P)
61311

PAGE 7    STREET

60272
60620
61575
61574
60642
61864
N/H
61063
N/H
60480
60138
N/H (-------)   TENAFLY Rd
60140
60139
60239
62501
60064
60063
N/H (60062)
60061
60060
N/H
N/N

| POLE NO | PAGE 8 | STREET |
|---------|--------|--------|
| 61339 | | |
| 61338 | | |
| 61337 | | |
| 60371 | | |
| 60372 (N/N) | | |
| 60373 | | |
| 60374 | | |
| 60377 | | |
| 60378 | WESTERVELT | |
| N/N | AFTER RAIL ROAD CROSSING | |
| N/N | WESTERVELT / DEAN DR | |

N/N = NO NUMBER ON POLE

TOTAL NUMBER OF POLES    183

**30**

## A G R E E M E N T

This AGREEMENT made this ⌄ day of ~~September~~, 1997.

BETWEEN:        The Borough of Tenafly, a municipal corporation
of the State of New Jersey, having its principal
office at 100 Riveredge Road, Tenafly, New
Jersey (hereinafter "Borough")

AND

JONATHON R. and JUDITH E. FURER, residing at
45 Park Street, Tenafly, New Jersey
(hereinafter owners)

### W I T N E S S E T H

WHEREAS, Jonathon R. and Judith E. Furer, owners of Lot 6, Block 1604 as set forth on the tax assessment map of the Borough of Tenafly, commonly known as 45 Park Street, has submitted to the Mayor and Council a request to permit the encroachment of two (2) 4'5" high x 2'5" square columns with 24" light fixtures affixed atop each, both of which are located in the Borough's right of way, to remain, as set forth on a plan entitled "Map of Property of Jonathon R. Furer & Judith E. Furer" prepared by G. B. Associates, Inc., Engineers and Surveyors, 144 Jewell Street, Garfield, NJ 07026, dated August 6, 1996; and

WHEREAS, under present conditions, the columns do not render pedestrian traffic dangerous or unsafe or obstruct the same.

NOW THEREFORE in consideration of One Dollar ($1.00) and the mutual covenants and promises set forth herein, the parties do agree as follows:

1.     The property owners may retain the columns with lights in accordance with the aforesaid plan (the plan shall be maintained as a permanent record with the Office of the Borough Clerk of the Borough of Tenafly.

2.     The maintenance of said columns with lights shall be the continuing duty and obligation of the property owners.

3.     The property owner does hereby agree to indemnify and hold harmless the Borough for any liability occasioned by the encroachment into the Borough's right of way.



PLAINTIFF'S
EXHIBIT
3

4.     Any engineering or legal fees occasioned by this approval or any future modification pursuant to this Agreement shall be paid directly to the Borough by the property owner.

5.     The Borough reserves the right to demand in the future the relocation of the columns with lights. and within (thirty) 30 days of said demand. which shall be in writing. the property owners. at their own cost and expense. shall comply with the demand of the Borough.

6.     In the event the said columns with lights are removed from the right of way. or the property owners are in compliance with any then applicable ordinance. their liability hereunder shall cease.

7.     The cost of recording this document shall be borne by the property owners.

8.     This agreement shall be a restriction upon the premises.

9.     This agreement shall be binding upon the parties. their heirs. successors. administrators. assigns and any prospective purchaser of said tract.

IN WITNESS WHEREOF. the parties have hereunto set their hands and seals and caused these presents to be signed by their proper officials and their corporate seal affixed the day and year first above written.

BOROUGH OF TENAFLY

ATTEST:

_____
Nancy Hatten. Borough Clerk

_____
Ann A. Moscovitz. Mayor

WITNESS:

_____

_____
Jonathon R. Furer

_____
Judith E. Furer

STATE OF NEW JERSEY )
                    )
COUNTY OF BERGEN    )

BE IT REMEMBERED that on this _____ day of September, 1997, before me,
the subscriber, a Notary Public of the State of New Jersey, personally appeared
JONATHON R. FURER and JUDITH E. FURER, his wife, who I am satisfied are the
persons named in and who executed the within instrument, and thereupon they
acknowledged that they signed, sealed and delivered the same as their act and deed
and for the uses and purposes therein expressed.

                                    _____
                                         JONATHON R. FURER

                                    _____
                                         JUDITH E. FURER

Sworn to and subscribed to
before me this _____ day
of _____, 1997.

_____

MARGARET *********** *******
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES AUGUST 8, 1998

STATE OF NEW JERSEY )

COUNTY OF BERGEN   )

BE IT REMEMBERED, that on this _6th_ day of ~~September~~ October, 1997, before me the subscriber, a Notary Public of the State of New Jersey, personally appeared NANCY HATTEN, who being by me duly sworn on her oath, says that she is the Borough Clerk of the Borough of Tenafly, the municipal corporation named in the foregoing Instrument; that she well knows the corporate seal of said corporation; that the seal affixed to said Instrument is the corporate seal of said corporation; that the said seal was affixed and the said Instrument signed and delivered by ANN A. MOSCOVITZ, who was at the date thereof the Mayor of said municipal corporation, in the presence of this deponent, and said Mayor, at the same time acknowledged that he signed, sealed and delivered the same as his voluntary act and deed and as the voluntary act and deed of said corporation, by virtue of authority from its Mayor and Council, and that deponent, at the same time, subscribed her name to said Instrument as an attesting witness to the execution thereof.

NANCY HATTEN, RMC
Borough Clerk

Sworn to and subscribed to
before me this _6th_ day
of _October_, 1997

**NANCY BRICK SANTELLA**
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES OCT. 6, 1998



MAP REF:

1. BEING LOT 6 IN BLOCK 178 AS SHOWN ON TAX MAP OF BOROUGH OF TENAFLY.
2. BEING P/O LOT 59 AS SHOWN ON A MAP ENTITLED " MAP OF HIGHWOOD PARK & SITES " FILED IN BERGEN COUNTY, N.J. DATED 1866 .

| MAP OF PROPERTY OF | | |
|---|---|---|
| JONATHON R. FURER & JUDITH E. FURER | | |
| LOT 6   IN   BLOCK 178 | | TAX MAP |
| BOROUGH OF TENAFLY | | |
| BERGEN COUNTY | | NEW JERSEY |

**G.B. ASSOCIATES, INC.**
ENGINEERS & SURVEYORS
144 JEWELL STREET
GARFIELD, NEW JERSEY 07026
(201) 340-0948      FAX 340-0015

SCALE: 1" = 30'-0"
DATE: AUG. 6, 19
SHEET NO. 1 OF
FILE NO. 96/145

SURVEY CERTIFIED TO:
JONATHON R. FURER AND JUDITH E. FURER ;
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. ;
PROGRESSIVE TITLE AGENCY, INC.

GUNTIS BOLE N.J. P.E. & L.S. LICENSE NO. 13.926

31

BOROUGH OF TENAFLY

RESOLUTION

OFFERED BY:    Councilmember Rouse

SECONDED BY:   Councilmember Saunders

At a regular meeting of the Mayor and Council of the Borough of
Tenafly, New Jersey held on Tuesday, May 8, 1990.

WHEREAS, ALEXANDER AND KADRA ZARWI are the owners of
Lot 20, Block 179 on the tax assessment map of the Borough
of Tenafly, commonly known as 30 Park Street, Tenafly,
New Jersey, has requested the Mayor and Council to grant
permission to install a sprinkler system within the sidewalk
area as defined in Ordinance No. 691 as amended, on Park Street
adjacent to the aforesaid property; and

WHEREAS, the Mayor and Council have considered the said
request with consideration being given to the guidelines of
the aforesaid Ordinance.

NOW, THEREFORE, BE IT RESOLVED that the request is hereby
approved, subject to the following conditions:

1.  The property owners shall execute the agreement
    attached hereto and made a part hereof.

2.  All cost and expenses, including legal fees,
    recording charges and engineering fees, shall
    be paid by the property owner and their successors
    and assigns as may be required by the said agreement.
    The property owner shall deposit $200.00 in escrow
    with the Borough Clerk to cover the initial costs.


PLAINTIFF'S
EXHIBIT
4

3.  The installation of the sprinkler system
    shall be in accordance with the plan
    prepared by the owner and attached
    hereto and made a part hereof.

4.  The property owners, shall, at any time in the
    future, and upon 30 days' notice, in writing,
    from the Mayor and Council, modify the plan as
    demanded by the Mayor and Council at their own
    cost and expense.

Dated:  May 8, 1990

Vote recorded as follows:

```
Councilmember Rouse      Aye
Councilmember Bruck      Aye
Councilmember Saunders   Aye
Councilmember Arilotta   Aye
Councilmember Lustig     Aye
Councilmember Kerge      Aye
```

**32**

A G R E E M E N T

THIS AGREEMENT made this 23ʳᵈ day of APRIL , 1991

BETWEEN          THE BOROUGH OF TENAFLY, a municipal
                 corporation of the State of New
                 Jersey having its principal office
                 at 401 Tenafly Road, Tenafly, New
                 Jersey (hereinafter Borough)

AND:             DONALD WEIN and SANDRA WEIN, his
                 wife at 198 Elm Street, Tenafly,
                 New Jersey 07670
                 (hereinafter owner)

W I T N E S S E T H

WHEREAS, Donald Wein and Sandra Wein, his wife, owners
of Lot 16, Block 204 as set forth on the tax assessment map of
the Borough of Tenafly, commonly known as 198 Elm Street have
submitted to the Mayor and Council a request to construct a
sprinkling system within the sidewalk area as defined in the
Borough Ordinance No. 691 as amended and as set forth on a
survey attached hereto prepared by F. William Koestner, Jr., L.S.
dated August 18, 1989; and

WHEREAS, under present conditions the proposal would
not render pedestrian traffic dangerous or unsafe or obstruct
the same.

NOW, THEREFORE, in consideration of ONE DOLLAR ($1.00)
and the mutual covenants and promises set forth herein the
parties do agree as follows:

1. The property owner may construct said sprinkler
system in accordance with the aforesaid plan, (the plan shall be

Prepared by:

James P. Logan, Esq.

RECORDING FEE $ 16.00
PAID TU
Paola

RECORDED BERGEN COUNTY
91 MAY -7 AM II: 08

037783

PLAINTIFF'S
EXHIBIT

nv 7439 FG 936

maintained a permanent record with the office of the Borough
Clerk of the Borough of Tenafly.)

2.   The maintenance of said sprinkler system shall be
the continuing duty and obligation of the property owner.

3.   The property owner does hereby agree to indemnify
and hold harmless the Borough for any liability occasioned by
the encroachment into the said sidewalk area.

4.   Any engineering or legal fees occasioned by this
approval or any future modification pursuant to this Agreement
shall be paid directly to the Borough by the property owner.

5.   The Borough reserves the right to demand in the
future the relocation of the sprinkler system, and within thirty
(30) days of said demand, which shall be in writing, the
property owner, at their own cost and expense, shall comply with
the demand of the Borough.

6.   In the event the said sprinkler system is removed
from the sidewalk area as defined, or the property owners are in
compliance with any then applicable ordinance, their liability
hereunder shall cease.

7.   The cost of recording this document shall be borne
by the property owners.

8.   This agreement shall be a restriction upon the
premises.

9.   This agreement shall be binding upon the parties,
their heirs, successors, administrators, assigns and any
prospective purchaser of said tract.

- 2 -

RK 1439 PG 937

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals and caused these presents to be signed by their proper officials and their corporate seal affixed the day and year first above written.

BOROUGH OF TENAFLY

ATTEST:

_Richard K. Van Nos_
Richard K. Van Nost
Mayor

_Nancy Hatten_
Nancy Hatten
Borough Clerk

WITNESS

_Donna Fraioli_
DONNA FRAIOLI

_Donald H. Wein_
Donald Wein

_Donna Fraioli_
DONNA FRAIOLI

_Sandra Wein_
Sandra Wein

BK 7439 PG 938

STATE OF NEW JERSEY )
                            )
COUNTY OF BERGEN   )

      BE IT REMEMBERED that on this 23rd day of April , 1991,

before me, the subscriber, a Notary Public of the State of

New Jersey, personally appeared Donald Wein and Sandra Wein,

his wife, who I am satisfied are the persons named in and who

executed the within Instrument, and thereupon they acknowledged

that they signed, sealed and delivered the same as their act

and deed and for the uses and purposes therein expressed.

                                 _____
                                 Donald Wein

                                 _____
                                 Sandra Wein

Sworn and subscribed to
before me this 23rd day
of April      1991

           NANCY HATTEN
     NOTARY PUBLIC OF NEW JERSEY
   My Commission Expires June 18, 1992

BK 7439 PG 939

**33**

BOROUGH OF TENAFLY

RESOLUTION

OFFERED BY:   Councilmember   Rouse

SECONDED BY:  Councilmember   Lustig

At a regular meeting of the Mayor and Council of the Borough of
Tenafly, N.J. held on Tuesday, April 24, 1990.

WHEREAS, ALPEX WHEEL COMPANY is the owner of Lot 1,

Block 164 on the tax assessment map of the Borough of Tenafly,

commonly known as 29 Atwood Avenue, Tenafly, New Jersey, has

requested the Mayor and Council   grant permission to install

a sprinkler system within the sidewalk area as defined in

Ordinance No. 691 as amended, on Atwood Avenue, North Summit

Street and Jersey Avenue adjacent to the aforesaid property; and

WHEREAS, the Mayor and Council have considered the

said request with consideration being given to the guidelines

of the aforesaid Ordinance.

NOW, THEREFORE, BE IT RESOLVED that the request is

hereby approved, subject to the following conditions:

1. The property owners shall execute the agreement
   attached hereto and made a part hereof.

2. All cost and expenses, including legal fees,
   recording charges and engineering fees, shall
   be paid by the property owner and their successors
   and assigns as may be required by the said agreement.
   The property owner shall deposit $200.00 in escrow
   with the Borough Clerk to cover the initial costs.

PLAINTIFF'S
EXHIBIT
6

- 2 -

    3. The installation of the sprinkler system shall be in accordance with the plan prepared by the owner and attached hereto and made a part hereof.

    4. The property owners shall, at any time in the future, and upon 30 days' notice, in writing, from the Mayor and Council, modify the plan as demanded by the Mayor and Council at their own cost and expense.

Dated:  April 24, 1990

Vote recorded as follows:

```
Councilmember Rouse     Aye
Councilmember Bruck     Absent
Councilmember Saunders  Aye
Councilmember Arilotta  Absent
Councilmember Lustig    Aye
Councilmember Kerge     Absent
```

**34**

037855

95 APR 24 AM 9:05

## A G R E E M E N T

**THIS AGREEMENT**, made this 7th day of April ,

1995, between the **BOROUGH OF TENAFLY**, a Municipal

Corporation of the State of New Jersey, having its

principal office at 401 Tenafly Road, Tenafly, New Jersey,

07670 (hereinafter "Borough") and **FULVIO TRAMONTINA**, doing

business as the **VILLA CORTINA,** located at 18 Piermont

Road, Tenafly, New Jersey 07670 (hereinafter "Owner").

## W I T N E S S E T H

**WHEREAS, VILLA CORTINA,** which occupies premises known

as Lot 9, Block 152, as set forth on the Tax Assessment

Map of the Borough of Tenafly, commonly know as 18

Piermont Road, has submitted to the Mayor and Council a

request to construct a free-standing sign within the

Borough right-of-way as defined in Borough Ordinance No.

691 as amended and as set forth on a plan attached hereto;

and

**WHEREAS**, said free-standing sign will comply with all

the provisions of the Sign Ordinance for a commercial

business and pursuant to the plan attached to the

application will be located near the northwesterly corner

of the owner's property within the Borough right-of-way,

and

**WHEREAS**, the Mayor and Council of the Borough of

Tenafly held a public hearing on March 14, 1995 at which

time the Applicant was sworn and testified and no person

from the audience asked any questions or asked to testify,

BK 7782 PG 497

**PLAINTIFF'S EXHIBIT**
7
Di Giacomo

and

**WHEREAS**, under present conditions the proposal would not hinder pedestrian or vehicular traffic and would not render pedestrian traffic dangerous or unsafe or obstruct the same.

**NOW THEREFORE**, in consideration of ONE DOLLAR ($1.00) and the mutual covenants and promises set forth herein the parties do agree as follows:

1.  The property owner may construct said free-standing sign in the Borough right-of-way in accordance with the aforesaid plan.

2.  The maintenance of said free-standing sign shall be the continuing duty and obligation of the property owner.

3.  The property owner does hereby agree to indemnify and hold harmless the Borough for any liability occasioned by the encroachment into the said Borough right-of-way.

4.  Any engineering or legal fees occasioned by this approval or any future modification pursuant to this Agreement shall be paid directly to the Borough by the property owner.

5.  The Borough reserves the right to demand in the future the relocation of the said free-standing sign and within thirty (30) days of said demand, which shall be in writing, the property owner, at his own cost and expense, shall comply with the demand of the Borough.

BK 7782 PG 498

6.   In the event the said free-standing sign is removed from the Borough right-of-way as defined, or the property owner is in compliance with any then applicable ordinance, his liability hereunder shall cease.

7.   The cost of recording this document shall be borne by the property owner.

8.   This Agreement shall be a restriction upon the premises.

9.   This Agreement shall be binding upon the parties, their heirs, successors, administrators, assigns and any prospective purchaser of said tract.

**IN WITNESS WHEREOF**, the parties hereto have hereunto set their hands and seals and caused these presents to be signed by their proper officials and their corporate seal affixed the day and year first above written.

BOROUGH OF TENAELY

ATTEST:

Nancy Hatten, Borough Clerk

Walter W. Hemberger, Mayor

WITNESS:

VILLA CORNTINA

By:

Fulvio Tramontina, Owner

ASPHALT

8" Ø P.V.C. OVERFLOW

S. 69° 00'

CONC.

CONC.

2½ STORY FRAME
ALCON & GARIKS
RESTAURANT

Deck

PAVEMENT

N. 69° 00' W.

ASPH.

BK 1182 PG 500

STATE OF NEW JERSEY)
                    ) SS:
COUNTY OF BERGEN    )

BE IT REMEMBERED, that on this 7ᵗʰ day of April ,
1995, before me the subscriber, a Notary Public of the
State of new Jersey, personally appeared, **Nancy Hatten,**
who being by me duly sworn on her oath, says that she is
the Borough Clerk of the Borough of Tenafly, the Municipal
Corporation named int he foregoing Instrument, that she
well knows the corporate seal of said corporation; that
the seal affixed to said Instrument is the corporate seal
of said corporation; that the said seal was affixed and
the said Instrument signed and delivered by **Mayor Walter
W. Hemberger,** who was at the date thereof the Mayor of
said Municipal Corporation, in the presence of this
deponent, of said Mayor, at the same time acknowledged
that he signed, sealed and delivered the same as his
voluntary act and deed and as the voluntary acts and deed
of said corporation, by virtue of authority from its Mayor
and Council, and that deponent, at the same time,
subscribed her name to said Instrument as an attesting
witness to the execution thereof.

                                    **Nandy Hatten, Borough Clerk**

**Sworn and subscribed to
before me this 7ᵗʰ day of
April     , 1995.**

**DONNA FRAIOLI**
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 11, 1998

BK 7782 PG 501

**STATE OF NEW JERSEY)**
                      ) SS:
**COUNTY OF BERGEN   )**

    **BE IT REMEMBERED,** that on this 27th day of *March* ,

1994, before me, the subscriber, a Notary Public of the

State of New Jersey, personally appeared **FULVIO**

**TRAMONTINA,** who I am satisfied is the person named in and

who executed the within Instrument, and thereupon he

acknowledged that he signed, sealed and delivered the same

as his act and deed and for the uses and purposes therein

expressed.

                              **FULVIO TRAMONTINA**

**Sworn and subscribed to**
**before me this** 27 **day of**
*March* , **1995.**

BK 7782 PG 502

**35**



Robert and Janet Rancan
46 Prospect Terrace
Tenafly, NJ 07670
(201) 569-2714

July 18, 1996

8/8 C.O.W.
cc: M+C
✓WAL
SS/PL
Gary

Mayor and Council
Borough of Tenafly
401 Tenafly Rd.
Tenafly, NJ 07670

Dear Mayor Moscovitz:

I am writing to you in response to Gene Bialkowski's letter to me dated July 9th (copy enclosed) in order to ask permission to retain a section of fence that I erected in the right-of-way this spring.

My wife and I are owners of the house directly next door to the Grand Saloon. Our property marks the beginning of the R-7.5 zone. When the tavern was rebuilt last fall, the sidewalk construction tore up a portion of our front lawn. In April and early May, while restoring the lawn, we decided to add a small flower bed and "anchor" it with an 8' long, 4' high piece of wooden fence. What we did not realize, however, was that since our house and the bar are sited virtually without a setback, nearly all of the lawn is part of the right of way.

Prior to your June 6th meeting which concerned the Grand Saloon's application for outdoor tables, Mr. Bialkowski came by to measure where tables would be placed. At that time I had a conversation with him regarding this problem.

Although I have checked my survey and realize that Mr. Bailkowski is correct, I have decided to ask you for permission to leave the section in place. Since the width of the street varies, people walking in the street to the bar always angle across the grass in front of our house, even in wet and snowy conditions. We wanted to put something obvious across the sight line so that people would continue to walk in the street until they reached the new and well-lit sidewalk.

The fence section works: it is very visible and people have been skirting around its edges. At the same time, late at night



PLAINTIFF'S
EXHIBIT
8

people tend to congregate as they leave further away from our windows.

As you will recall, we did express various concerns at the June 6th work session. We pointed out that the proximity of the buildings to each other makes the situation more difficult. We have had one other incident since then: a new flag was stolen from our porch steps on Flag Day. We believe that our small buffer helps somewhat.

Please give this matter due consideration at your next work session. Thank you.

Sincerely,

Robert Rancan

cc; Gene Bialkowski
    Construction Official

Page Two of Two.

36



# Borough of Tenafly

100 RIVEREDGE ROAD
TENAFLY, NEW JERSEY 07670
(201) 568-6100

OFFICE OF THE
BOROUGH CLERK

August 16, 1996

Robert Rancan
46 Prospect Terrace
Tenafly, NJ 07670

Dear Mr. Rancan:

Your letter requesting permission to retain a section of wooden fence 8' long and 4' high erected in the Borough's right-of-way on your property was discussed at a recent meeting of the Mayor and Council, and they have asked that I respond to you on their behalf.

The special circumstances surrounding your need to install the fence were duly noted, and upon individual inspections made to the site, your landscaping of the area demonstrates the care you have taken to incorporate the fence section as part of the property.

Permission has been granted for you to keep the fence section as it is presently installed, upon the following conditions, which are those placed on any and all property owners who request permission to install sprinkler systems, fences, etc. in the Borough's right-of-way:

a.   The maintenance of the fence section and surrounding landscaping is your continuing duty and obligation.

b.   You, as property owner, agree to indemnify and hold harmless the Borough for any liability occasioned by the encroachment of the fence section in the Borough's right-of-way.

c.   The Borough reserves the right to demand, in writing, in the future, the relocation of the fence section, and within 30 days of the demand, you agree to comply with this demand at your own cost and expense.

d.   This agreement pertains to the wooden section of fence, 8' long, 4' high, as described in your letter of July 18, 1996; any change from this initial installation requires notification to the Borough and possible reconsideration of the waiver granted.

e.   Should you decide to remove said fence section permanently, please be sure to notify the Borough of its removal.



PLAINTIFF'S
EXHIBIT
9



# Borough of Tenafly

100 RIVEREDGE ROAD
TENAFLY, NEW JERSEY 07670
(201) 568-6100

OFFICE OF THE
BOROUGH CLERK

If you agree to abide by these conditions as outlined above, please sign the enclosed copy of this letter where indicated and return it to me at your earliest convenience.

As always, if you have any questions, please call me.

Very truly yours,

Nancy Hatten, RMC
Municipal Clerk

Enc.

cc:    Mayor and Council
       Gene Bialkowski, Construction Official

Date: 8/27/96

I understand the conditional waiver granted regarding the installation of the 8' long, 4' high section of wooden fence as outlined above, and agree to maintain the fence at my own cost and expense, remove the fence upon 30 days' written notice from the Borough at my own cost and expense, and indemnify and hold the Borough harmless from any liability related to the existence of this fence.

Robert Rancan

Janet Rancan

37



# Borough of Tenafly

100 RIVEREDGE ROAD
TENAFLY, NEW JERSEY 07670
(201) 568-6100

OFFICE OF THE
BOROUGH CLERK



August 13, 1997

George A. Katsiaunis
Dorothy J. Myridakis
96 Woodland Park Drive
Tenafly, NJ 07670

Dear Mr. Katsiaunis and Ms. Myridakis:

Your letter requesting permission to install a cedar picket fence in the Borough's right-of-way on your property was discussed at a recent meeting of the Mayor and Council, and they have asked that I respond to you on their behalf.

Permission has been granted for you to install the fence a distance of 6' 5" from the curb, upon the following conditions, which are those placed on any and all property owners who request permission to install sprinkler systems, fences, etc. in the Borough's right-of-way:

    a.    The maintenance of the fence and surrounding landscaping is your continuing duty and obligation.

    b.    You, as property owner, agree to indemnify and hold harmless the Borough for any liability occasioned by the encroachment of the fence in the Borough's right-of-way.

    c.    The Borough reserves the right to demand, in writing, in the future, the relocation of the fence, and within 30 days of the demand, you agree to comply with this demand at your own cost and expense.

    d.    This agreement pertains to the cedar picket fence as shown on the attached survey dated April 14, 1994 with the distance from the curb amended to 6'5"; any change from this revised installation requires notification to the Borough and possible reconsideration of the waiver granted.

    e.    Should you decide to remove said fence permanently, please be sure to notify the Borough of its removal.



**PLAINTIFF'S EXHIBIT**

10

If you agree to abide by these conditions as outlined above, please sign the enclosed copy of this letter where indicated and return it to me at your earliest convenience.

As always, if you have any questions, please call me.

Very truly yours,

Nancy Hatten, RMC
Municipal Clerk

Enc.

cc:   Mayor and Council
      Joseph Di Giacomo, Borough Administrator
      Gene Bialkowski, Construction Official

Date: 8/14/97

I understand the conditional waiver granted regarding the installation of the cedar picket fence as outlined above, and agree to maintain the fence at my own cost and expense, remove the fence upon 30 days' written notice from the Borough at my own cost and expense, and indemnify and hold the Borough harmless from any liability related to the existence of this fence.

George A. Katsiaunis

Dorothy J. Myridakis



By contractual arrangement no corner markers were placed.

WOODLAND PARK DRIVE

Certified to George Katsiaunis and Dorothy Myridakis, his wife, Peter K. Moutis, Esq., Emigrant Mortgage Company, Inc. its successors and/or assigns, All State Search Co., Inc. and Transamerica Title Insurance Company to be correct and accurate.

S. 44° 20' E.

FACE WALL ON LINE
BLDG. LINE
MAS. RET. WALL 1.3' WIDE
FACE WALL 0.5' EAST

R=20
T=20
L=31.42

2 STORY BRICK & FR. DWG. H. 962

SCREEN PCH.
GAR.
ASPHALT DRIVE

FLAG PATIO

LOT 6 BLOCK 338
LOT 11 BLOCK 199 TAX MAP

C.P. FENCE
FILLED IN POOL
C.P. FENCE

LEROY STREET

CEDAR PICKET FENCE

N. 44° 20' W, 80'

Description: Being known as Lot 6 in Block 338 on map entitled Second Amended Map of Woodland Park Property of West Englewood Estates, Inc. at Tenafly, Bergen County, New Jersey, filed in the the BCCU on February 23, 1940 as Map No. 3115

| SURVEY AT BOROUGH OF TENAFLY NEW JERSEY | COOGAN & THOMAS ENGINEERING & SURVEYING 384-4090 333 SOUTH WASHINGTON AVENUE BERGENFIELD, NEW JERSEY 07621 | DATE JULY 23, 1991 | SCALE 1"=30' |
|---|---|---|---|
| | | REV. APR. 14, 1994 | REV. |
| | | REV. | REV. |

JACK COOGAN, P.E., L.S.
PROFESSIONAL ENGINEER & LAND SURVEYOR
N.J. LIC. NO. 15466

JOHN R. THOMAS, L.S.
LAND SURVEYOR
N.J. LIC. NO. 9101

**38**

A G R E E M E N T

THIS AGREEMENT made this ⋅⋅ day of ⋅⋅⋅⋅⋅⋅⋅ , 1990

BETWEEN          THE BOROUGH OF TENAFLY, a municipal
                 corporation of the State of New
                 Jersey having its principal office
                 at 401 Tenafly Road, Tenafly, New
                 Jersey (hereinafter Borough)
AND              ARNOLD and MYRA GANS, residing
                 at 8 Dogwood Lane    (Block 227,
                 Lot 5.02) Tenafly, New Jersey
                 (hereinafter property owner).

WHEREAS, Arnold and Myra Gans, owners of Lot 5.02,

Block 227 as set forth on the tax assessment map of the Borough

of Tenafly, commonly known as 8 Dogwood Lane   have submitted

to the Mayor and Council a request to construct and to re-

construct a dry stone wall within the right of way in Dogwood

Lane   as defined in the Borough Ordinance No. 691 as amended

as set forth on the plan dated November   , 1990 and attached

hereto as Schedule A.

WHEREAS, under present conditions it is the opinion of

the Mayor and Council that the same would not render pedestrian

traffic dangerous or unsafe or obstruct the same.

NOW, THEREFORE, in consideration of ONE DOLLAR ($1.00)

and the mutual covenants and promises set forth herein the

parties do agree as follows:

1.   The property owner may construct and reconstruct

said wall in accordance with Schedule A.

2.   The maintenance of said wall shall be the

continuing duty and obligation of the property owner.

3.   The property owner does hereby agree to indemnify



PLAINTIFF'S
EXHIBIT

\1

and hold harmless the Borough for any liability occasioned to the Borough by the encroachment into the said right-of-way area.

4.   Any engineering or legal fees occasioned by the Borough by this approval or any future modification pursuant to this Agreement shall be paid directly to the Borough by the property owner.

5.   The Borough reserves the right to demand in the future the relocation of the wall within thirty (30) days of said demand, which shall be in writing, and the property owners, at their own cost and expense, shall comply with the demand of the Borough.

6.   In the event the said wall is hereafter totally removed from the area as defined, the owner's liability here-under shall cease.

7.   The cost of recording this document shall be borne by the property owner.

8.   This agreement shall be a restriction upon the premises.

9.   This agreement shall be binding upon the parties hereto, their heirs, successors, administrators, assigns and

- 2 -

any prospective purchaser of said tract.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals and caused these presents to be signed by their proper officials and their corporate seal affixed the day and year first above written.

BOROUGH OF TENAFLY

ATTEST:

NANCY HATTEN
Borough Clerk

RICHARD K. VAN NOSTRAND
Mayor

WITNESS:

ARNOLD GANS

MYRA GANS

STATE OF NEW JERSEY )
                    ) SS:
COUNTY OF BERGEN    )

BE IT REMEMBERED that on this    day of November, 1990,
before me, a Notary Public of the State of New Jersey, person-
ally appeared NANCY HATTEN, who being by me duly sworn on her
oath, says that she is the Borough Clerk of the Borough of
Tenafly, the municipal corporation named in the foregoing
Instrument, that she well knows the corporate seal of said
corporation; that the seal affixed to said Instrument is the
corporate seal of said corporation;  that the said seal was
affixed and the said Instrument signed and delivered by
RICHARD K. VAN NOSTRAND, who was at the date thereof the Mayor
of said municipal corporation, in the presence of this deponent,
and said Mayor at the same time acknowledged that he signed,
sealed and delivered the same as his voluntary act and deed and
as the voluntary act and deed of said corporation, by virtue of
authority from its Mayor and Council, and that deponent, at
the same time, subscribed her name to said Instrument as an
attesting witness to the execution thereof.


A Notary Public of New Jersey

STATE OF NEW JERSEY )
                  )
COUNTY OF BERGEN   )

       BE IT REMEMBERED that on this      day of November, 1990,
before me, the subscriber, a Notary Public of the State of
New Jersey, personally appeared Arnold Gans and Myra Gans,
who I am satisfied are the persons named in and who executed
the within Instrument, and thereupon they acknowledged that they
signed, sealed and delivered the same as their act and deed and
for the uses and purposes therein expressed.

                                         _____
                                       A Notary Public of New Jersey

BOROUGH OF TENAFLY

RESOLUTION

Motion by:      Councilmember Saunders

Seconded by:    Councilmember Rouse

At a regular meeting of the Mayor and Council of the Borough of
Tenafly, N.J. held on Tuesday, November 13, 1990.

    WHEREAS, Arnold and Myra Gans, owners of Lot 5.02 in
Block 227 on the tax assessment map of the Borough of Tenafly,
commonly known as 8 Dogwood Lane, Tenafly, New Jersey, have
requested the Mayor and Council to grant permission to construct
a certain stone dry-wall within the Municipal right-of-way as
defined in Ordinance No. 691 as amended on Dogwood Lane upon
which the aforesaid property fronts; and

    WHEREAS, the Mayor and Council have received the report
of the Building Department and considered the said request with
consideration being given to the guidelines of the aforesaid
ordinance.

    NOW, THEREFORE, BE IT RESOLVED that the request is
hereby approved, subject to the following conditions:

        1.  The property owners shall execute the
            agreement attached hereto and made a
            part hereof.

        2.  All cost and expenses, including legal
            fees, recording charges and engineering
            fees, shall be paid by the property
            owners and their successors and assigns
            as may be required by the said agreement.

        3.  The installation of the walls and plantings
            shall be subject to an accurate map to be
            submitted showing exact location of wall
            and plantings in the Borough right-of-way
            attached hereto and made a part hereof as
            Schedule A.

        4.  The property owner shall, at any time
            in the future upon 30 days' notice, in

writing, from the Mayor and Council,
modify the plan as demanded by the
Mayor and Council at the owner's own
cost and expense.

Dated:  November 13, 1990


Vote recorded as follows:

Councilmember Rouse          Aye
Councilmember Bruck          Aye
Councilmember Saunders       Aye
Councilmember Arilotta       Aye
Councilmember Lustig         Aye
Councilmember Kerge          Absent

39

## A G R E E M E N T

**THIS AGREEMENT**, made this 20th day of October, 1994, between the **BOROUGH OF TENAFLY**, a Municipal Corporation of the State of New Jersey, having its principal office at 401 Tenafly Road, Tenafly, New Jersey, 07670 (hereinafter "Borough") and **GERHARD VAN BIEMA**, residing at 200 Serpentine Road, Tenafly, New Jersey 07670 (hereinafter "Owner").

## W I T N E S S E T H

**WHEREAS, GERHARD VAN BIEMA**, the Owner of Lot 29, Block 138, as set forth on the Tax Assessment Map of the Borough of Tenafly, commonly know as 200 Serpentine Road, has submitted to the Mayor and Council a request to construct a parking space within the sidewalk area as defined in the Borough Ordinance No. 691 as amended and as set forth on a plan attached hereto; and

**WHEREAS**, said parking area will be 18 feet in depth in a north south direction and 10 feet in width in an east west direction and pursuant to the plan attached to the application will be located near the southeasterly corner of the owner's property with the right of the owner to park a motor vehicle within the 10 feet area set aside for sidewalks, and

**WHEREAS**, the Mayor and Council of the Borough of Tenafly after public hearing has recommended that the length of the parking area be extended in a northerly direction as approved by the Superintendent of the

PLAINTIFF'S
EXHIBIT
tabbies
12

Department of Public Works in order to minimize the use of the 10 foot sidewalk area by locating any parked vehicle in a more northerly direction; and

**WHEREAS**, under present conditions the proposal as may be modified by the Superintendent of the Department of Public Works, would not render pedestrian traffic dangerous or unsafe or obstruct the same.

**NOW THEREFORE**, in consideration of ONE DOLLAR ($1.00) and the mutual covenants and promises set forth herein the parties do agree as follows:

1.   The property owner may construct said parking area in accordance with the aforesaid plan, as may be modified by the Superintendent of the Department of Public Works (the plan shall be maintained a permanent record with the Office of the Borough Clerk of the Borough of Tenafly.)

2.   The maintenance of said parking area shall be the continuing duty and obligation of the property owner.

3.   The property owner does hereby agree to indemnify and hold harmless the Borough for any liability occasioned by the encroachment into the said sidewalk area.

4.   Any engineering or legal fees occasioned by this approval or any future modification pursuant to this Agreement shall be paid directly to the Borough by the property owner.

5.   The Borough reserves the right to demand in the future the relocation of the parking area, and within thirty (30) days of said demand, which shall be in writing, the property owner, at his own cost and expense, shall comply with the demand of the Borough.

6.   In the event the said parking area is removed from the sidewalk area as defined, or the property owner is in compliance with any then applicable ordinance, his liability hereunder shall cease.

7.   The cost of recording this document shall be borne by the property owner.

8.   This Agreement shall be a restriction upon the premises.

9.   This Agreement shall be binding upon the parties, their heirs, successors, administrators, assigns and any prospective purchaser of said tract.

**IN WITNESS WHEREOF**, the parties hereto have hereunto set their hands and seals and caused these presents to be signed by their proper officials and their corporate seal affixed the day and year first above written.

BOROUGH OF TENAFLY

ATTEST:

Nancy Hatten, Borough Clerk

Walter W. Hemberger, Mayor

WITNESS:

Donna Fraioli

Gerhard Van Biema, Owner

**STATE OF NEW JERSEY)**
                   **) SS:**
**COUNTY OF BERGEN   )**

BE IT REMEMBERED, that on this 20th day of October,
1994, before me the subscriber, a Notary Public of the
State of new Jersey, personally appeared, **Nancy Hatten**,
who being by me duly sworn on her oath, says that she is
the Borough Clerk of the Borough of Tenafly, the Municipal
Corporation named int he foregoing Instrument, that she
well knows the corporate seal of said corporation; that
the seal affixed to said Instrument is the corporate seal
of said corporation; that the said seal was affixed and
the said Instrument signed and delivered by **Mayor Walter
W. Hemberger**, who was at the date thereof the Mayor of
said Municipal Corporation, in the presence of this
deponent, of said Mayor, at the same time acknowledged
that he signed, sealed and delivered the same as his
voluntary act and deed and as the voluntary acts and deed
of said corporation, by virtue of authority from its Mayor
and Council, and that deponent, at the same time,
subscribed her name to said Instrument as an attesting
witness to the execution thereof.

                              **Nancy Hatten, Borough Clerk**

**Sworn and subscribed to
before me this 20th day of
October , 1994.**

Donna Fraioli

**DONNA FRAIOLI
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 11, 1996**

**STATE OF NEW JERSEY)**
                                 **) SS:**
**COUNTY OF BERGEN    )**

BE IT REMEMBERED, that on this 20th day of October,
1994, before me, the subscriber, a Notary Public of the
State of New Jersey, personally appeared **GERHARD VAN
BIEMA**, who I am satisfied is the person named in and who
executed the within Instrument, and thereupon he
acknowledged that he signed, sealed and delivered the same
as his act and deed and for the uses and purposes therein
expressed.

_____
**GERHARD VAN BIEMA**

Sworn and subscribed to
before me this 20th day of
October          , 1994.

_____

**DONNA FRAJOLI**
**NOTARY PUBLIC OF NEW JERSEY**
**MY COMMISSION EXPIRES SEPT. 11, 1996**

**40**

12/14/2000   11:01   2013678555   LESNEVICH LINDEMAN   TO 12127354883   P.03/03

# LESNEVICH & MARZANO-LESNEVICH

**Attorneys At Law**
A Partnership of Board Certified Attorneys



WALTER A. LESNEVICH * † ❖
MADELINE MARZANO-LESNEVICH ▲

AMANDA S. TRIGG ❖
SCOTT A. LATERRA

Certified Paralegals
MEREDITH KAY SINCLAIR
LAKISHA GRIFFIN

15 WEST RAILROAD AVENUE
TENAFLY, N.J. 07670-2018
201-567-8377

400 MADISON AVE. 15th FLOOR
NEW YORK, NY 10017
212-912-0774

FAX 201-567-8583
e-mail: lesnevich@msn.com

*Via Facsimile & Regular Mail*
December 13, 2000

Mr. Jim Gaffney
Director of Operations
Cablevision
5 Legion Drive
Cresskill, NJ 07626

RE:   Tenafly Eruv Association

Dear Mr. Gaffney:

As you are aware I am the Borough Attorney of the Borough of Tenafly.
The Mayor and Council met in session and voted to deny the application of
the Tenafly Eruv Association to erect an eruv in Tenafly yesterday
December 12, 2000.

The agreement to not take action is, therefore, invalid.  The Borough of
Tenafly hereby returns to its original request to you to remove any items
placed for the eruv.  Please take action as soon as possible.

Very truly yours,

WALTER A. LESNEVICH
WAL/cc
Pc:   Mayor & Council
      Richard Shaprio, Esq. (via facsimile)

> **PLAINTIFF'S
> EXHIBIT
> 13**

* CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
† CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY