NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| |
|---|
| TENAFLY ERUV ASSOCIATION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOROUGH OF TENAFLY, et al., <br><br> Defendants. |

Civ. No. 00-6051 (WGB)

MEMORANDUM
OPINION

**APPEARANCES:**

Robert G. Sugarman, Esq.
**WEIL GOTSHAL & MANGES LLP**
767 Fifth Ave.
New York, NY 10153

Richard D. Shapiro, Esq.
**HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP**
One Gateway Center
Newark, NJ 07102

    Counsel for Plaintiffs

Thomas B. Hanrahan, Esq.
David J. Pack, Esq.
**THOMAS B. HANRAHAN & ASSOCIATES**
80 Grand Avenue
River Edge, NJ 07661

William R. McClure, Esq.
**PICINICH & McCLURE**
139 Harristown Road, Suite 101
Glen Rock, NJ 07452

    Counsel for Defendants

1

**BASSLER, SENIOR DISTRICT JUDGE:**

In the Fall of 2000, the Borough of Tenafly ("Borough" or "Tenafly") denied Orthodox Jewish residents permission to maintain a ceremonial religious demarcation, known as an eruv, in the Borough's municipal right-of-way. The residents, along with the Tenafly Eruv Association ("TEAI")(collectively, "Plaintiffs"), sued the Borough, alleging violations of the First and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1985, and the Fair Housing Act, 42 U.S.C. §3604(a).[1]

On August 10, 2001, this Court denied Plaintiffs' request for preliminary injunctive relief.  The Third Circuit Court of Appeals reversed and, on October 24, 2002, ordered the entry of a preliminary injunction prohibiting the Borough from interfering with the eruv pending a final judgment in this action.  On April 30, 2004, Plaintiffs filed a motion for summary judgment, which is currently pending before the Court.

This Opinion addresses the separate issue of whether the Borough should be granted leave to file a third-party complaint against Verizon, Inc. ("Verizon") and Cablevision, Inc. ("Cablevision"), two companies that assisted Plaintiffs with the construction of the eruv.  In addition, it addresses Plaintiffs'

---

[1] The individual plaintiffs are Chaim Book, Yosifa Book, Stefanie Dardik Gottlieb, and Stephen Brenner.  The individual defendants are former members of the Tenafly Borough Council and the former Mayor of the Borough.

cross-motion to enjoin the Borough from filing any future claims for indemnification in state or federal court.

**I.    BACKGROUND**[2]

An <u>eruv</u> is a ceremonial religious demarcation that allows Orthodox Jews to engage in certain activities--such as pushing and carrying objects--that are otherwise prohibited on the Sabbath.  Traditionally, <u>eruvs</u> were constructed using ropes and wooden poles.  Today, Orthodox Jews can construct an <u>eruv</u> by attaching <u>lechis</u>--thin black strips made of the same hard plastic material as coverings on ground wires--vertically to utility poles.  Along with the preexisting horizontal overhead utility lines, the <u>lechis</u> designate the boundaries of the <u>eruv</u>.  Under Orthodox Jewish law, an <u>eruv</u> is not valid unless a civil official with jurisdiction over the circumscribed area issues a ceremonial proclamation "renting" the area for a nominal fee.  <u>Tenafly Eruv Ass'n v. Borough of Tenafly</u>, 309 F.3d 144, 152 (3d Cir. 2002).

In June 1999, Plaintiffs approached the Tenafly Borough Council ("Council") and the Mayor of Tenafly ("Mayor") for permission to construct and maintain an <u>eruv</u> in the Borough's municipal right-of-way.  Plaintiffs were told to submit a formal written proposal to the Council, which would then vote on Plaintiffs' application.  Aware that some members of the Council

---

[2]    The facts are taken from the Opinion of the Third Circuit Court of Appeals in <u>Tenafly Eruv Ass'n v. Borough of Tenafly</u>, 309 F.3d 144 (3d Cir. 2002).  For the sake of brevity, only the facts that are relevant to the Borough's motion for leave to file a third-party complaint are repeated here.

did not look favorably upon their application, Plaintiffs went directly to Bergen County Executive William P. Schuber for permission to construct the eruv. On December 15, 1999, Schuber, whose jurisdiction includes Tenafly, granted Plaintiffs' request. Id. at 153.

After having secured Schuber's permission to construct the eruv, Plaintiffs asked Verizon, the owner of the local utility poles, for permission to attach the lechis.[3] On June 5, 2000, Plaintiffs and Verizon executed a written agreement entitled "Eruv Attachment by a Third Party" ("Eruv Permit"), purporting to grant Plaintiffs a license to attach lechis to the utility poles. (Proposed Third-Party Compl. at ¶ 10.)

With the voluntary assistance of Cablevision, holder of the local cable television franchise, Plaintiffs completed the construction of an eruv in August 2000. Tenafly Eruv Ass'n, 309 F.3d at 153. The Borough was not a party to the Eruv Permit, nor did it participate in any of the negotiations that Plaintiffs had with Verizon and Cablevision.

After discovering that an eruv had been constructed, the Borough ordered Verizon to remove the lechis. In response, Plaintiffs applied to the Borough for permission to maintain the eruv. The Borough denied Plaintiffs' application and this

---

[3] Although the poles are located on the Borough's property, Verizon owns the utility poles.

4

litigation ensued.  Id. at 153-54.

On August 10, 2000, this Court denied Plaintiffs' motion for a preliminary injunction.  Tenafly Eruv Ass'n v. Borough of Tenafly, 155 F. Supp. 2d 142 (D.N.J. 2001).  The Third Circuit Court of Appeals reversed, concluding that Plaintiffs are likely to succeed on the merits of their claim that the Borough's refusal to grant Plaintiffs permission to maintain the eruv violates the Free Exercise Clause of the First Amendment.  Accordingly, a preliminary injunction was entered prohibiting the Borough from interfering with the eruv pending a final judgment in this action.  Tenafly Eruv Ass'n, 309 F.2d 144.  Plaintiffs then filed a motion for summary judgment on their Free Exercise claim, which is currently pending before the Court.

In addition to opposing Plaintiffs' summary judgment motion, the Borough moves for leave to file a third-party complaint against Verizon and Cablevision, alleging that Verizon and Cablevision improperly granted Plaintiffs permission to attach the lechis.  Plaintiffs cross-move for an injunction prohibiting the Borough from seeking indemnification.

On February 28, 2005, the Court heard oral argument on the summary judgment motion and on the Borough's motion for leave to file a third-party complaint.

For the reasons set forth below, the Court denies the Borough's motion for leave to file a third-party complaint.  In

5

addition, the Court also denies Plaintiffs' cross-motion to permanently enjoin the Borough from filing any future claims for indemnification.

**II.  Discussion**

Under Federal Rule of Civil Procedure 14(a)[4], a defendant may bring a third party into an existing lawsuit if the third-party "is or may be liable to [that defendant] for all or part of the plaintiff's claim against him." Fed. R. Civ. P. 14(a). As Rule 14(a) provides:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14.  Such third-party practice is also referred to as "impleader."  See 6 Wright & Miller § 1441 (1990).

The Borough asserts several theories in support of its motion for leave to file a third-party complaint against Verizon

---

[4] The Borough correctly invokes Rule 14, which governs "Third-Party Practice" in federal courts, in moving for leave to file a third-party complaint.  At other points in their briefs, however, the Borough argues that it "must be allowed to amended [sic] its pleadings to include a third-party complaint against Verizon and Cablevision" pursuant to Rule 15.  (Br. in Support of Third-Party Compl. at 4 (emphasis added)).  Rule 15 governs "Amended and Supplemental Pleadings" and does not provide the Borough with a mechanism for bringing in a third-party under the circumstances presented here.  Moreover, since the Borough has submitted a "Proposed Third-Party Complaint," and not a "Proposed Amended Answer," this motion is properly treated as a Rule 14 motion and not as a Rule 15 motion to amend the pleadings.

6

and Cablevision. First, the Borough argues that by issuing the Eruv Permit without first obtaining the Borough's permission, Verizon violated N.J.S.A. 48:2-13, the statute that governs the operation of public utilities. Second, the Borough argues that in issuing the Eruv Permit, Verizon exceeded its authority to construct and maintain phone lines on the Borough's property as granted by Tenafly Municipal Ordinance 1127 ("Ordinance 1127"). Third, the Borough argues that Cablevision was negligent in failing to make a reasonable inquiry into whether Plaintiffs had proper authorization to attach lechis to the utility poles. (Proposed Third-Party Compl. at ¶¶ 11-12.) The Court fails to see how any of these theories of liability form a proper basis for a third-party complaint.

"[T]hird-party claims can be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994) (citing Wright & Miller, 6 Federal Practice & Procedure § 1446 (1990) (emphasis added). In doing so, Rule 14 seeks to "avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim.'" Wright & Miller, 6 Federal Practice & Procedure § 1442

7

(1990).  As one district court has explained, the "[d]efendant's right to sue derives from the right of plaintiff asserted in the main action."  Index Fund, Inc. v. Hagopian, 417 F. Supp. 738, 743 (S.D.N.Y. 1976).

Here, the Borough's claims against Verizon and Cablevision do not depend in any way upon the outcome of the main action. Whether the Borough's refusal to permit Plaintiffs to maintain the lechis is constitutional has no bearing on the issue of whether Verizon improperly granted Plaintiffs permission to attach the lechis.  Nor does resolution of the main action have any relevance to the issue of whether Cablevision was negligent in attaching the lechis.  Indeed, what the Borough seeks to do, via a third-party complaint, is to interject into this constitutional case the separate issues of whether Verizon and Cablevision are liable to the Borough for having breached certain contractual, statutory, or common law duties purportedly owed to the Borough.

The fact that these separate and independent claims arise out of the same overlapping events does nothing to advance the Borough's argument that the claims are somehow "intimately intertwined," and are therefore the proper subject of a third-party complaint. (Br. in Support of Third-Party Compl. at 1.)  As the Third Circuit Court of Appeals points out:

> a defendant cannot assert an entirely
> separate claim against a third party under

8

> Rule 14, even though it arises out of the same general set of facts as the main claim; there must be an attempt to pass on to the third party all or part of the liability asserted against the defendant.

Schwab v. Erie Lackawanna R.R. Co., 438 F.2d 62, 68 (3d Cir. 1971); see also A.I.A., Inc. v. Nat'l Health Ins. Co., 582 F.Supp. 1299, 1309-10 (D. Col. 1984) (Rule 14 "cannot be used as a method of bringing into controversy other matters which happen to have some relationship to the original action"); American Zinc Co. v. H.H. Hall Constr. Co., 21 F.R.D. 190, 192 (D.Ill. 1957) (same).

In a futile effort to establish a causal nexus between its claims against Verizon and Cablevision and the constitutional issues presented in the main litigation, the Borough argues that:

> The Borough of Tenafly has already expended substantial amount [sic] of public funds in payment of legal fees and costs in connection with the parties' arguments over the preliminary injunction. The Borough of Tenafly contends that this expenditure of public funds would not have been incurred but for Verizon's unlawful issuance of the Eruv Attachment Permit and Cablevision's unlawful attachment of the lechis to the utility poles in the Borough of Tenafly, all of which gave rise to this litigation and the plaintiffs' application for a preliminary injunction.

(Br. in Support of Third Party Compl. at 3.)  Apparently, it is the Borough's position that because Verizon and Cablevision's alleged wrongdoing was a "but for" cause of Plaintiffs' suit against the Borough, a third-party complaint is appropriate.  The

9

Court is not persuaded by the Borough's argument.

First, the Borough's theory seems to rest on the shaky premise that had Verizon and Cablevision denied Plaintiffs' request to attach the <u>lechis</u>, Plaintiffs would not have attached the <u>lechis</u>, the Borough would not have ordered Verizon to remove the <u>lechis</u>, Plaintiffs would not have applied for permission to maintain the <u>eruv</u>, the Borough would not have denied Plaintiffs' request, Plaintiffs would not have had to seek a preliminary injunction barring the Borough from interfering with the <u>eruv</u>, and therefore the Borough would not have incurred the costs of litigating the preliminary injunction.  This line of reasoning is speculative at best.[5]

Second, even if the Court accepts the argument that "but for" Verizon and Cablevision's conduct, Plaintiffs never would have commenced this litigation, it does not follow that Verizon and Cablevision are secondarily liable for any constitutional torts the Borough may have committed.  In fact, as the Fifth Circuit has stated, "[t]he suggestion that a separate and independent claim can be made the proper subject of a third party complaint because, but for the violation of the duty alleged the main claim would not have matured, has been rejected by this and

---

[5]   As Plaintiffs point out, "[t]he only difference between the Borough's alternate history and what actually occurred is that, had Verizon declined to issue the attachment permit, the application of TEAI filed would have sought permission to erect the <u>eruv</u>, rather than applying, as it did, for permission to maintain the <u>lechis</u> that had already been affixed to the utility poles." (Pl. Br. in Opp. at 5 n. 1.)

other courts." Southeast Mortgage Co. v. Mullins, 514 F.2d 747, 750 (5th Cir. 1975).

Moreover, even if the Court were to assume a causal connection between Verizon and Cablevision's conduct, on the one hand, and Plaintiffs' constitutional injury, on the other, the Borough fails to address the argument made by Plaintiffs that the weight of authority disfavors allowing a party that is found liable for a constitutional violation to pass that liability on to a third party. See e.g. Diaz-Ferrante v. Rendell, 1998 U.S. Dist. LEXIS 5391, *10 (E.D. Pa. March 30, 1998) (citing cases in which district courts have refused to recognize a right to contribution or indemnification under § 1983 and stating that "the viability of a contribution claim in a § 1983 action is thus dubious"). In any event, no such causal connection has been shown.

The Borough's motion for leave to file a third-party complaint is accordingly denied.

**III. Plaintiffs' Cross-Motion for An Injunction**

Plaintiffs cross-move to permanently enjoin the Borough from filing any action for indemnification or contribution against any third-party, including Verizon and Cablevision, in state or federal court. Plaintiffs' invoke this Court's authority to issue such an injunction pursuant to 28 U.S.C. § 1651 ("All Writs

11

Act").[6]

Plaintiffs argue that the Borough's effort to bring an indemnification claim against Verizon and Cablevision is part of a "strategic ploy designed to force Plaintiffs to choose between abandoning the claim for legal fees to which they are entitled in the wake of the Borough's violation of their constitutional rights, or running the risk that Verizon (as owner of the utility poles in question) may revoke the eruv attachment permit." (Br. in Support of Injunction at 1.) Given the late date at which the Borough seeks to file its third-party complaint, the Court does not entirely rule out the accuracy of Plaintiffs' allegations.

Nevertheless, the Court does not find that an injunction against future litigation is warranted at this time. The record simply does not establish that the Borough has engaged in the type of "abusive, groundless, and vexatious" conduct that such injunctions are meant to remedy. See e.g. In the Matter of Packer Ave. Assoc., 884 F.2d 745, 748 (3d Cir. 1989) ("All of the courts that have considered whether an injunction restricting a litigant's future litigation may be issued have emphasized that such an injunction should be narrowly tailored and rarely issued."). As the Third Circuit Court of Appeals has cautioned,

---

[6] The Borough also refers to this Court's authority to enjoin state court proceedings pursuant to 28 U.S.C. § 2283 ("Anti-Injunction Act"). The Court is not persuaded by Plaintiffs' argument that an injunction is necessary "in aid of the Court's jurisdiction" or necessary to "protect or effectuate" a prior federal judgment.

a "district court should not restrict a litigant from filing claims absent exigent circumstances." <u>Brow v. Farrelly</u>, 994 F.2d 1027, 1038 (3d Cir. 1993).

Here, any threat that the Borough will file future meritless pleadings in order to circumvent a final judgment of this Court is merely speculative.  Should the Borough engage in such conduct in the future, the Court will not hesitate to use its authority, pursuant to the All Writs Act and the Anti-Injunction Act, to address the problem.  At this time, however, such action on the part of the Court would be premature.

Accordingly, Plaintiffs motion for an injunction is denied.

**IV. CONCLUSION**

For the reasons set forth above, the Borough's motion for leave to file a third-party complaint against Verizon and Cablevision is **denied with prejudice**.  In addition, Plaintiffs' cross-motion to enjoin the Borough from filing any future claims for indemnification is **denied without prejudice**.

An appropriate Order follows.


                                    s/WILLIAM G. BASSLER
                                    United States Senior District Judge

DATED:    March 31, 2005

13